## ALLEGAR v. AMERICAN CAR & FOUNDRY CO.

(Circuit Court of Appeals, Third Circuit. June 2, 1913. Rehearing Denied July 2, 1913.)

### No. 1,706.

MASTER AND SERVANT (§ 92*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—NEGLIGENCE OF PHYSICIAN.

An employer cannot be held liable for an injury to an employé, alleged to have been caused by negligence of a physician in a public hos-

pital to which the employé was taken with a broken leg by other employés over his objection, where it is not shown that they were authorized to do so by the employer, or that it employed the physician who there treated him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 143; Dec. Dig. § 92.*]

Gray, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action at law by David Allegar against the American Car & Foundry Company. Judgment for defendant, and plaintiff brings error. Affirmed.

For opinion below, see 198 Fed. 447.

Paul J. Sherwood, of Wilkes-Barre, Pa., for plaintiff in error.
Sprout & Cupp, of Williamsport, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, David Allegar, a citizen of Pennsylvania, and an employé of the American Car & Foundry Company, a corporate citizen of New Jersey, brought suit against that company to recover damages sustained by him through its alleged negligence. At the conclusion of the plaintiff's testimony, the court gave binding instructions in defendant's favor. His reasons therefor the judge subsequently put of record in refusing a new trial, viz.:

"The plaintiff's leg was broken on August 20, 1911, about 3 o'clock in the morning, while engaged at work at the defendant's works at Berwick. The defendant's employés, immediately after the accident, took the plaintiff to the company's emergency hospital, and from thence to the public hospital of Berwick for medical and surgical aid. The plaintiff says that he protested against being so taken, and requested to be carried to his home, a quarter of a mile away, and there have the services of his own physician, living some 9 or 12 miles distant. His limb was set and treated at the public hospital by a physician, and, after remaining there a short time, he was taken to his home. The limb at present shows some deformity and occasions suffering. It appears that whatever was done at the time the plaintiff was taken to the public hospital was prompted by the purest motives of charity and intended for the plaintiff's own comfort and personal benefit. It has not been made to appear that there was negligence in the selection of the place and the means for treatment of the plaintiff. Nor is negligence to be inferred from the present condition of the plaintiff's leg. This may have resulted from the physician's negligence, even though due care was exercised in his selection. That it was the lack of due care in the employment of a prudent physician, occasioning the suffering, was not made to appear. Even where it is shown that an employer undertakes as a pure matter of charity to furnish medical treatment to sick or injured employés, due care need only be exercised in the employment of a prudent physician. The employer is not liable beyond this for the negligence of the physician employed. Then again there is no evidence warranting the jury in finding that the plaintiff was treated by the doctor in charge at the public hospital at the request or by consent of the defendant. Too much has been left for inference. Where the charge of negligence is relied on for recovery, as in this case, it must be clearly shown that the one called upon to answer has been at fault. In this the plaintiff has failed, and the motion for a new trial is denied."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On entry of judgment, plaintiff sued out this writ, assigning as error the giving of binding instructions by the court in defendant's favor.

Under the evidence and the pleadings in the case, we are of opinion the court committed no error. The statement of claim, after reciting plaintiff was rendered helpless by the breaking of his leg, that he requested to be taken to his own home for treatment by his own physician, and that his request was denied, then charges that he was taken forcibly and against his will and placed "under the medical care and treatment of a physician in the employ of said defendant." It then charges that, "defendant having so assumed and undertaken the care and treatment of said plaintiff against the will of said plaintiff as aforesaid, it then and there became and was the duty of said defendant to use due and reasonable care in the treatment and setting of said injured and broken limb," and avers that defendant negligently set the bones of the broken leg, causing permanent lameness.

After careful examination, we find the evidence was not such as to warrant the submission of the case to the jury on the issues thus made. The evidence fails in two regards: First, there was no sufficient evidence to make the defendant responsible for the plaintiff being taken to the public hospital; and, second, there was no sufficient evidence to show that the physician who treated the plaintiff in such public hospital was in defendant's employ. The facts shown are that the plaintiff's leg was broken in the middle of the night, and he was at once carried to the Emergency Hospital, which was on the defendant's premises. For his being taken there we may assume the defendant was responsible; the proof being that Patterson, the foreman, said "he would take me to the Emergency Hospital—that was the company's order." There was no physician in attendance at the Emergency Hospital, and the plaintiff's own physician lived some eight or nine miles away. The plaintiff then asked to be taken to his home and have his own physician treat him.

At this point it will be observed that, while the statement avers he was thereafter taken to the public hospital against his will, this taking to such public hospital is not the injury he complains of, and for which he seeks damages. The wrong he charges, and for which he seeks damage, is that when so taken to the public hospital he was taken charge of and treated by the defendant company in the person of its agent, Dr. Rutter. But the case is barren of any proof that the defendant company authorized or empowered any one to take him to the public hospital. It is true the company made, and very properly so, an order that all injured persons should be taken to its Emergency Hospital, but this humane and express authorization to its agents and employés did not carry with it an implied authority to carry an injured and conscious man elsewhere against his protest. The delegation of specific powers to agents does not imply or confer power to bind the principal generally (Beal v. Express Co., 13 Pa. Super. Ct. 143), and especially so where the power alleged to be conferred by implication is tortuous. The burden of proving the scope of an agency is on him who affirms it (Beal v. Express Co., supra), and we are of opinion that this burden has not been met by the plaintiff's proof.

So, also, in regard to the agency of Dr. Rutter, for whose alleged negligent treatment at the hospital it is sought to hold the defendant responsible. It was not shown whether he was or was not one of the hospital's staff, nor did the proof establish any employment of such physician by the defendant. Beyond the suggestion implied in some witnesses referring to him as the "company doctor," there was no proof on that subject. It should also be noted that, while the injured man at first asked to be taken home and have his leg set by his own physician, there is no proof that, when Dr. Rutter subsequently treated him at the Bloomsburg Hospital, he called his attention to such desire. By his own account the plaintiff seems, after he reached that hospital, to have accepted Dr. Rutter's ministration without objection or suggestion of either calling in his own physician or of being taken home.

In view of the proofs, or rather the lack of proofs, we find no error in the court below in giving binding instructions for the defendant.

GRAY, Circuit Judge, dissents.